# EXHIBIT C

## SETTLEMENT AGREEMENT

WHEREAS, Ringleader Digital, Inc. ("Ringleader Digital"), on the one hand and, on the other hand, Andrew Hillman, Charlie Aughenbaugh, Arlando Cooks, Marissa Dean, G.G., a minor by and through parent Rhonda Gueringer, Ryan Groeneweg, Billy Gueringer, Dawn Harbin, Kenneth Harrison, J.N., a minor by and through parent Semyon Narosov, Stephanie Owens, Maulik Parikh, Charmaine Smith, Brooke Stafford, Tony Weber, Richard Weiner, and Steve Williams (the "Named Plaintiffs"), who have filed complaints in various courts against Ringleader Digital, raising claims based on substantially similar allegations (Ringleader Digital and the Named Plaintiffs collectively referred to herein as the "Parties" for purposes of this Settlement Agreement);

WHEREAS, counsel for Ringleader Digital on the one hand and, on the other hand, counsel for plaintiffs in the Hillman and the Aughenbaugh Litigations (as defined herein) ("Settlement Counsel"), have negotiated settlement terms from October and throughout November 2010, which negotiations culminated in mediation on November 23, 2010 before mediator Rodney A. Max;

WHEREAS, Ringleader Digital denies all liability with respect to the claims alleged in the complaints filed by the Named Plaintiffs, and all litigation arising out of or relating to the same or similar claims; and

WHEREAS, Ringleader Digital and the Named Plaintiffs, through their respective counsel, wish to enter into a compromise and effect a settlement (the "Settlement") to avoid the uncertainty and expense of litigation and to achieve a fair, reasonable, and adequate resolution of the pending litigation —

NOW THEREFORE, the Named Plaintiffs, on behalf of themselves, enter into the following Settlement Agreement (the "Settlement Agreement") with Ringleader Digital, which Settlement Agreement shall be effective as of February 8, 2011:

1. Ringleader Digital will use commercially reasonable efforts to engage with the Mobile Marketing Association to develop data-specific industry standards for the privacy and information security of mobile device advertising information — that is, standards governing the collection, use, and transfer of information from and about mobile device users that is passed from publishers of websites designed for use with mobile devices to service providers such as Ringleader Digital by means of mobile device-based web advertisement requests. If the Mobile Marketing Association successfully develops such data-specific industry standards, Ringleader Digital will abide by them.

2. Ringleader Digital will delete and/or cause to be deleted all information in its possession and/or control that has previously been collected using the mobile-device-resident Ringleader Digital Global User Identification ("RLD GUID") from mobile device users who have opted out of the Ringleader Digital mobile advertising platform.

3. Ringleader Digital will abide by Worldwide Web Consortium (W3C) standards that apply to storage of the Ringleader Digital mobile advertising platform RLD GUID on mobile devices.

4. Ringleader Digital shall refer to and, where possible, provide a hyperlink to the Ringleader Digital privacy policy in the database description for any Ringleader Digital database stored on a user's mobile device, to the extent permitted by mobile device operating system.

5. Ringleader Digital will clarify opt-out language for its mobile advertising platform to the extent necessary to ensure mobile device users are provided with clear notice of the means to opt out via the RLD GUID, the means to preserve their opt-out choice, and the effect of opting out.

6. Ringleader Digital will not perform best match analysis or otherwise attempt to uniquely identify mobile device users using information it acquires from the mobile devices whose users have opted out via the RLD GUID of the Ringleader Digital mobile advertising platform.

7. For all mobile publishers with which Ringleader Digital agrees to provide its targeted advertising technology, Ringleader Digital shall require by contract that such entity comply with notice standards that substantially conform on those described in the Network Advertising Initiative's ("NAI") Self-Regulatory Code of Conduct (the "2008 Code"). In particular, Ringleader Digital shall require, by contract, that the owner or operator of a website for which Ringleader Digital provides targeted advertising services shall clearly and conspicuously post notice, or ensure that such notice be made available in a clear and conspicuous manner on the website where data are collected for targeted advertising purposes. Such notice shall contain (1) a statement of the fact that targeted advertising is occurring; (2) a description of types of data that are collected for targeted advertising by Ringleader Digital; (3) an explanation of how, and for what purpose, that data will be used or transferred to third parties; and (4) a conspicuous link to Ringleader Digital's proprietary opt-out mechanism.

8. Ringleader Digital shall cause its opt-out databases shall carry a "0" modifier to indicate opt-out status.

9. The injunctive provisions set forth above in paragraphs 1 through 8, above, shall be in force through December 31, 2014.

10. Any person making a complaint for perceived violations of any provision contained within paragraphs 1 though 8, above, must comply with the following procedures concerning notice and opportunity to cure before pursuing any court action to enforce the terms contained in paragraphs 1 though 8, above. If any person covered within the scope of this Settlement Agreement perceives a violation of any provision contained in paragraphs 1 through 8, above, such person shall notify Ringleader Digital of the violation in writing ("Written Notice"), either (a) by letter, addressed to Ringleader Digital, Inc., 286 Fifth Avenue, Sixth Floor, New York, New York 10001, or (b) by email, addressed to privacy@ringleaderdigital.com. Upon receipt of the Written Notice, Ringleader Digital shall have thirty (30) days to investigate and opportunity to cure the perceived violation and notify the

complainant of its actions in response to the Written Notice. Only after Ringleader Digital has been afforded thirty (30) days to investigate, cure the perceived violation, and notify the complainant of its actions in response to the Written Notice shall the person(s) claiming that particular violation pursue a court action to enforce the terms contained in paragraphs 1 through 8, above. Ringleader shall provide a copy of any such notices to Class Counsel within 14 days of receipt.

11. Ringleader Digital shall pay thirty thousand dollars ($30,000), to be divided equally among Named Plaintiffs as and for incentive awards. Ringleader Digital agrees that this amount is fair and reasonable for the effort expended by Named Plaintiffs and agrees that it shall not challenge or oppose the award or payment of such incentive awards.

12. The Named Plaintiffs will release and forever discharge Ringleader Digital, together with its officers, directors, employees, agents, attorneys, predecessors, successors, insurers, affiliates, and assigns from any and all Released Claims. "Released Claims" means any and all actual or potential claims, actions, causes of action, liabilities, damages (whether actual, nominal, punitive, exemplary, or otherwise), injunctive relief, costs, fees, attorneys' fees, or penalties of any kind that, for the class period as defined in the Hillman and Aughenbaugh Litigations (as defined herein): (i) arise in whole or in part out of, or relate to, the use of Ringleader Digital's mobile device advertising platform and technology, including but not limited to the Ringleader Digital Media Stamp technology; or (ii) are, have been, or could have been asserted under the same or similar claims alleged in *Hillman, et al. v. Ringleader Digital, Inc., et al.*, No. 10-CV-8315 (S.D.N.Y.) (the "Hillman Litigation") or *Aughenbaugh, et al. v. Ringleader Digital, Inc., et al.*, Case No. 8:10-cv-01407-CJC –RNB (C.D. Cal.) the ("Aughenbaugh Litigation").

13. Ringleader Digital and the Named Plaintiffs agree that execution of this Settlement is conditioned upon (i) the request, within fourteen (14) days of execution of this Settlement Agreement to transfer of Aughenbaugh Litigation to the Southern District of New York for consolidation with the Hillman Litigation; (ii) dismissal with prejudice of all defendants other than Ringleader Digital in the Hillman and Aughenbaugh Litigation upon entry of a final approval order; and (iii) the parties' joint request for a stay of all other claims for injunctive relief arising under the same or similar claims alleged in the Hillman or Aughenbaugh Litigation; however, the Parties represent that they are aware of no such pending litigation.

14. Ringleader Digital will pay a total of six hundred seventy thousand dollars ($670,000), as attorneys' fees and costs to all plaintiffs' counsel of record in the Hillman and Aughenbaugh Litigations as of the effective date of this Settlement Agreement. Ringleader Digital agrees that this amount is fair and reasonable for the effort expended in the prosecution in this case and agrees that it shall not challenge or oppose the award or payment of such attorneys' fees, and costs. Other than as expressly provided in this Settlement, the Named Plaintiffs and Ringleader Digital (as amongst themselves) shall each bear their own fees, costs, and expenses in the Litigation. If the Court awards the full amount of fees requested, Ringleader Digital may defer payment of up to one-hundred twenty-five thousand dollars ($125,000) for up to three (3) years (until 2014) upon agreement for adequate security with Settlement Counsel. If necessary, the Parties will engage in mediation to agree to adequate security. Payment of fees and costs will occur upon final judgment and extinction of appeal rights.

15. The Parties agree to seek approval for this Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(b)(2) by application to the court before which the Hillman Litigation is pending.

16. The Parties further agree that notice is not required by the Federal Rules of Civil Procedure in the case of a Rule 23(b)(2) class certification and settlement. Therefore, the Parties will propose to the Court that no notice be required to certify the proposed class and to approve the proposed settlement.

17. This Settlement and all of the commitments and obligations it imposes on the Parties are contingent on final approval of the Settlement Agreement by the Court in substantially the same form as proposed. Such final court approval shall include the dismissal with prejudice of the Hillman and Aughenbaugh Litigation as against Ringleader Digital and all other defendants. If the Court does not approve the Settlement or if a reviewing court overturns Court approval of the Settlement, then this Settlement Agreement shall be void *ab initio*, shall have no force and effect, and shall impose no obligations on the Parties, except that the Settlement and all settlement discussions between the Parties will remain inadmissible, undiscoverable, and strictly confidential to the maximum extent permitted by law.

18. The commitments made by the Parties hereunder are, upon approval by the Court and exhaustion of any appeals, enforceable by the Court as a matter of contract. Upon final Court approval of the proposed Settlement, the commitments made by Ringleader Digital in paragraphs 1 through 8, above, will be reduced to an injunction, enforceable by the Court or the Named Plaintiffs. The Court will retain jurisdiction for purposes of enforcement of this Settlement Agreement and all other Settlement provisions, including injunctive relief, approved by the Court.

19. The Parties waive the application of any applicable law, regulation, holding or rule of construction providing that ambiguities in an agreement shall be construed against the party drafting such agreement.

20. The Parties will cooperate with respect to any public statements regarding this Settlement.

21. Each of the undersigned representatives of the Parties represent that it is fully authorized to enter into, and to execute, this Settlement Agreement on behalf of that Party or Parties. The undersigned further represent that they will provide signatures of the actual parties consenting to this agreement within two (2) weeks of the signing of this Settlement Agreement. Any plaintiff not providing such signature shall be dropped from the list of representative plaintiffs in this Agreement.

22. This Settlement Agreement, when fully executed by all of the representatives of the Parties for whom a signature line is provided below, is binding and effective as of the date specified above, even if this Settlement Agreement is never superseded by a more detailed settlement agreement. Ringleader Digital, the Named Plaintiffs, and Settlement Counsel shall, however, use their best efforts to agree upon and submit this Settlement to the Court for Approval within thirty (30) days after the date this Settlement Agreement is signed.

23. This Settlement Agreement may be signed in any number of counterparts, each of which shall be regarded as an original and all of which shall constitute but one and the same instrument.

For Ringleader Digital, Inc.

_____   Dated: 2/8/11
Bob Walczak
Chief Executive Officer,
Ringleader Digital, Inc.


For the Named Plaintiffs

_____   Dated: 2/8/11
Scott A. Kamber
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Proposed Class Counsel, on behalf of Plaintiffs
individually and on behalf of the Class

_____   Dated: 2/8/11
Jeremy R. Wilson
WILSON TROSCLAIR & LOVINS, PLLC
302 North Market Street, Suite 510
Dallas, Texas 75202
Proposed Class Counsel, on behalf of Plaintiffs
individually and on behalf of the Class

5